## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. HILDEBRANDT, individually, and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:20-cv-06168<br>District Judge Martha M. Pacold<br>Magistrate Judge Sunil R. Harjani |
| Plaintiff, | ) ) | **This matter relates to:**<br>*Donald Whitaker v. Dovenmuehle* |
| v. | ) ) | *Mortgage, Inc.*, No. 1:20-cv-06746<br>(Hon. Robert M. Dow, Jr.); and |
| DOVENMUEHLE MORTGAGE, INC., | ) ) | *Katherine Treliving v. Dovenmuehle*<br>*Mortgage, Inc.*, No. 1:20-cv-06923 |
| Defendant. | ) | (Hon. Sara L. Ellis) |

### DEFENDANT'S UNOPPOSED AND AGREED MOTION TO REASSIGN CASES

Defendant Dovenmuehle Mortgage, Inc. ("DMI") was recently named as the sole defendant in three related putative class action lawsuits brought under the Fair Debt Collection Practices Act ("FDCPA"), which are pending in this Court. The cases are:

(1) *Robert C. Hildebrandt v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06168, which is pending before Judge Martha M. Pacold,

(2) *Donald Whitaker v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06746, which is pending before Judge Robert M. Dow, Jr., and

(3) *Katherine Treliving v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06923, which is pending before Judge Sara L. Ellis.

DMI now respectfully moves for an order under Local Rule 40.4 reassigning the higher-numbered *Whitaker* and *Treliving* cases to Judge Pacold's docket. In support of this motion, DMI submits an accompanying memorandum of law ("Memo") and states as follows:

1. In the summer of 2020, BMO Harris Bank, N.A. ("BMO") engaged DMI to service certain mortgage loan accounts. *See* Complaint, *Hildebrandt v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06168 (**Ex. A** to Memo), ¶¶ 20-21. Around August 2020, BMO and DMI jointly sent "RESPA Letters" to the borrowers on the accounts, in accordance with the servicing

transfer notification requirements of the Real Estate Settlement Procedures Act ("RESPA"). Around September 2020, DMI sent validation notices to certain borrowers. *See id.* ¶ 22, & Ex. A thereto [Dkt. # 1-1] ("Validation Notice").

2. The plaintiff in *Whitaker* asserts one cause of action under the FDCPA. Complaint, *Whitaker v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06746 (**Ex. B** to Memo), ¶¶ 34-40. The plaintiff argues that DMI violated the FDCPA by allegedly: (1) failing to include the phrase "by the debt collector" in a statement in the Validation Notice explaining that the debt will be assumed to be valid unless disputed within 30 days (*id.* ¶¶ 34-36, citing 15 U.S.C. § 1692g(a)(3)); (2) using a name other than DMI's "true name" on the Validation Notice (*id.* ¶¶ 37-39, citing 15 U.S.C. § 1692e(14)); and (3) failing to send the Validation Notice within five days of the RESPA Letter (*id.* ¶ 40, citing 15 U.S.C. § 1692g). The plaintiff also seeks to represent two nationwide putative classes, which are defined as:

> The 1692g Class: All persons who were allegedly in default on the terms of their mortgage loan when they received a letter (1) signed by a representative of BMO and a representative of DMI, and (2) which letter states that DMI will be servicing their mortgage loan, but (3) who did not receive a validation notice within 5 days of receiving that jointly-signed letter, since on or after October 8, 2019.
>
> The 1692e Class: All persons who received a letter from DMI that (1) contains BMO's name and/or corporate logo, and/or (2) fails to refer to DMI at all (*e.g.,* uses the general terms "Mortgage Servicing" and/or "Loan Servicing" as the sender) since on or after October 8, 2019.[1]

*Id.* ¶ 27.

3. The plaintiff in *Treliving* alleges that her loan with BMO was released in connection with prior litigation. Complaint, *Treliving v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06923 (**Ex. C** to Memo), ¶ 20. The plaintiff asserts one individual claim, which alleges that

---

[1] DMI denies that the putative classes alleged in the three lawsuits can be certified under Rule 23 and reserves its right to contest class certification at an appropriate time in the future.

2

DMI violated sections 1692e, 1692e(2), 1692e(10), and 1692g of the FDCPA by allegedly "misstating that money was owed and demanding payment of money not owed." *Id.* ¶¶ 32-34. The plaintiff also alleges that DMI violated section 1692c of the FDCPA by allegedly "contacting a represented party directly." *Id.* ¶ 36. In addition, the plaintiff seeks to represent a putative class defined as:

> (a) all individuals (b) who were sent a letter (such as but not limited to Exhibit B) by Defendant Dovenmuehle (c) purporting to come from BMO Harris Bank (d) concerning a debt that was in default at the time Dovenmuehle first became involved with it (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

*Id.* ¶ 40.

4. The plaintiff in *Hildebrandt* alleges that his loan with BMO had previously been discharged in bankruptcy. *Hildebrandt* Complaint (**Ex. A** to Memo), ¶ 17. The plaintiff asserts one cause of action alleging that DMI violated sections 1692e and 1692f of the FDCPA. *Id.* ¶¶ 29-36. The plaintiff also seeks to represent a putative class that is defined as:

> All persons within the State of Illinois to whom (a) within one (1) year prior to the filing of the original complaint and during its pendency; (b) received a letter in an identical format as Exhibit A; (c) for purposes of collection upon a consumer debt; (d) that was discharged in Chapter 7 or Chapter 13 bankruptcy proceedings pursuant to 11 U.S.C. §§ 727 or 1328(a).

*Id.* ¶ 39.

5. Local Rule 40.4 provides that related cases, like the three cases at issue here, should be reassigned to the judge before whom the lowest-numbered case is pending. The lowest-numbered case is *Hildebrandt*, which is pending before Judge Pacold.

6. The three cases are related because they raise similar legal and factual issues and allege overlapping putative classes. *See* L.R. 40.4(a)(2) and (a)(4).

7. The conditions for reassignment are satisfied because: (1) the cases are pending in this Court, (2) the handling of the cases by the same judge is likely to result in a substantial

savings of judicial time and effort, (3) the cases have not progressed beyond the pleadings, and (4) the cases are susceptible of disposition in a single proceeding. *See* L.R. 40.4(b).

8. On February 1, 2021, counsel for DMI contacted counsel for the plaintiffs in all three cases. Counsel for the plaintiffs have represented that they do not oppose this motion and agree that the three cases are related and that *Whitaker* and *Treliving* cases should thus be reassigned to the docket of Judge Pacold, before whom the lowest-numbered case is pending.

WHEREFORE, DMI respectfully requests that the Court enter an order under Local Rule 40.4 reassigning the *Whitaker* and *Treliving* cases to Judge Pacold's docket.

Dated: February 1, 2021            Respectfully submitted,

By: */s/ Christopher S. Comstock*
Lucia Nale
Christopher S. Comstock
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7111
lnale@mayerbrown.com
ccomstock@mayerbrown.com

*Attorneys for Defendant Dovenmuehle Mortgage, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on February 1, 2021, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: <u>*/s/ Christopher S. Comstock*</u>
Christopher S. Comstock